United States District Court
Southern District of Texas
**ENTERED**

February 06, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISHNA PRASAD ADHIKARI, *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-cv-2478 |
| | § | |
| KBR INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Before the Court are several motions: (1) Defendants' Motion for Summary Judgment Against Plaintiffs' Time-Barred Claims (Doc. No. 125), (2) Defendants' Motion for Summary Judgment Against Plaintiffs' Alien Tort Statute Claims (Doc. No. 136), and (3) Plaintiffs' Motion for Continuance of Summary Judgment (Doc. No. 139). After considering the motions, the responses thereto, and all applicable law, the Court determines that Plaintiffs' Motion for Continuance of Summary Judgment must be **GRANTED**. The Court accordingly stays consideration of Defendants' motions for summary judgment pending further discovery.[1]

## I.    BACKGROUND

This case involves five Nepali men (collectively, "Plaintiffs") who allege that they were promised work in Jordan but were instead trafficked to work for KBR Inc. and its affiliates (collectively "Defendants") on U.S. military bases in Iraq. KBR Inc. is a U.S. defense contractor that, during the relevant period, provided logistical support to the U.S. Army in Iraq pursuant to LOGCAP III contracts. (Doc. No. 1 at ¶17). Under these contracts, KBR. Inc. provided logistical

---

[1]This Order does not address the following pending motions: (1) Defendants' Motion to Strike Plaintiffs' Confidentiality Designations (Doc. No. 127), (2) Plaintiffs' Motion for Leave to File Excess Pages (Doc. No. 141), and (3) Plaintiffs' Motion to Amend Complaint (Doc. No. 154).

support such as transportation, dining services, facilities management, maintenance, and living accommodations for United States and coalition forces. *Id.*

Plaintiffs in this case were taken to and worked at Camp Fallujah and Al Taqaddum military bases in 2004. They remained there for one to three years. While at the bases, they worked under the supervision of individuals employed by KBR, Inc. and Daoud & Partners, a subcontractor for KBR, Inc. on KBR's LOGCAP III contract who is not named as a defendant in this action. Among other duties, Daoud & Partners oversaw the "recruitment and provision of laborers." (Doc. No. 1 at ¶31).

In 2015, Plaintiffs brought this suit against Defendants ("*Adhikari II*"), asserting claims under the Trafficking Victims Protection Reauthorization Act (the "TVPRA"), the Alien Tort Statute (the "ATS"), and Iraqi law, as well as Texas state law claims of false imprisonment, negligence, negligent hiring, negligent supervision, and intentional infliction of emotional distress ("IIED"). (Doc. No. 1). The claims in this case are similar, though not identical, to the claims brought in *Adhikari v. Daoud & Partners*, 4:09-CV-1237 ("*Adhikari I*").[2] As in the instant case, *Adhikari I* involved the claims of Nepali men who had been trafficked to work on a U.S. military base in Iraq after being promised work in Jordan. Unlike the instant case, however, *Adhikari I* involved different plaintiffs and did not include aiding and abetting claims under the ATS. In *Adhikari I*, this Court granted summary judgment to the defendants on all claims. *See Adhikari v. Daoud & Partners et al.*, 994 F. Supp. 2d 831 (S.D. Tex. 2014); *see also Adhikari v. Daoud & Partners et al.*, 95 F. Supp. 3d 1013 (S.D. Tex. 2015). The Fifth Circuit affirmed. *Adhikari v. Kellogg, Brown & Root, Inc.*, 845 F.3d 184, 181 (5th Cir. 2017).

---

[2]Plaintiff Krishna Prasad Adhikari is not related to the plaintiff in *Adhikari I*.

In the instant case, Defendants in 2016 moved to dismiss all claims. (Doc. No. 17). The Court dismissed Plaintiffs' TVPRA and IIED claims, but allowed Plaintiffs' ATS aiding and abetting claims, Iraq law claims, and remaining Texas state law claims to proceed. *Adhikari v. KBR Inc.*, 2017 WL 4237923 (S.D. Tex. Sept. 25, 2017) (hereinafter "*Adhikari II MTD*").

Defendants now move for summary judgment seeking to dismiss Plaintiffs' ATS-trafficking claims, state law claims, and Iraq law claims as time-barred. (Doc. No 125). Defendants separately seek summary judgment against Plaintiffs' ATS-forced labor claims on the merits. (Doc. No. 136). Plaintiffs urge the Court to stay its consideration of these summary judgment motions under Rule 56(d) pending further discovery. (Doc. No. 139). Because Plaintiffs' Rule 56(d) motion directly impacts the Court's consideration of the pending summary judgment motions, it is to this motion that the Court first turns its attention here.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," courts may "defer considering the motion or deny it" or "allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d). The Fifth Circuit has explained that the purpose of this rule "is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009) (quoting *Wichita Falls Office Assocs. v. Banc One Corp. et a.l*, 978 F.2d 915, 918 (5th Cir. 1992)). Accordingly, "Rule 56([d]) motions are generally favored and should be liberally granted." *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001).

However, a nonmovant "may not simply rely on vague assertions that additional discovery

will produce needed, but unspecified, facts." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). Rather, "a request to stay summary judgment under Rule 56([d]) must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *C.B. Trucky, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)). "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Id.* (quoting *Access Telecom, Inc. v. MCI Telecomms. Corp. et al.*, 197 F.3d 694, 720 (5th Cir. 1999)). In short, the nonmovant must show "(1) why she needs additional discovery and (2) how that discovery will create a genuine issue of material fact." *Beattie*, 254 F.3d at 606. Lack of diligence in pursuing discovery may preclude relief under Rule 56(d). *Beattie*, 254 F.3d at 606.

## III.  <u>ANALYSIS</u>

Plaintiffs seek a continuance or denial of Defendants' motions for summary judgment pursuant to Rule 56(d) on the basis that discovery is incomplete and further discovery will produce evidence material to Plaintiffs' claims. (Doc. No. 139). Defendants counter that Plaintiffs have not articulated a need for further discovery and failed diligently to pursue discovery. For the reasons that follow, the Court agrees with Plaintiffs.

Plaintiffs identify several facts relating to Defendants' domestic knowledge that they expect to uncover if granted further time for discovery. First, Plaintiffs seek documents related to KBR's Houston-based press office's response to media inquiries about human trafficking and related allegations. According to Plaintiffs, existing evidence indicates that KBR's press office frequently received inquiries regarding its subcontractors' alleged exploitation of trafficked labor,

and thus "press documents such as drafts and notes could plausibly shed further light on the extent to which KBR's domestic managers understood the problem and their efforts to cover it up." (Doc. No. 150 at 9). Second, Plaintiffs seek more time to depose "former employees of KBR responsible for third-party national labor on KBR's LOGCAP III contract," some of whom they have previously identified.[3] (Doc. No. 109 at ¶9(D)). According to Plaintiffs, "abuses by Daoud . . . were frequently reported to KBR's domestic managers," and thus depositions of these managers "could plausibly reveal they knew Daoud was exploiting trafficking labor yet continued to approve and supervise those contracts." (Doc. No. 150 at 9).

Considering these discovery requests, the Court is persuaded that Plaintiffs have satisfied the first requirement for obtaining Rule 56(d) relief: setting forth a plausible basis for believing that specified facts are obtainable and necessary. *See Raby*, 600 F.3d at 561. Plaintiffs have identified specific facts pertaining to Defendants' domestic knowledge about and potential concealment of trafficking activity that they seek to uncover through non-ESI document and deposition discovery. And while Defendants have not articulated any reason to believe that such evidence may not be obtainable, Plaintiffs persuasively explain why extant discovery is insufficient. According to Plaintiffs, only 228 of the 2,870 documents Defendants have produced to date are responsive to Plaintiffs' requests for information regarding any knowledge that Defendants' U.S.-based employees may have had regarding the alleged trafficking and forced labor scheme. (Doc. No. 139 at 5). Many of the other documents, Plaintiffs contend, are duplicative of site reports previously produced in *Adhikari I* or are internet café sign-in sheets that do not relate to any of the Plaintiffs. Plaintiffs have sufficiently articulated why they need additional discovery. *Beattie*, 254 F.3d at 606.

---

[3]These individuals include Godfrey Barrington, Charlie Carr, William Jonas, and Jill Pettibone. (Doc. No. 109 at ¶9(D)).

Plaintiffs similarly satisfy their second burden of demonstrating that such facts, if adduced, will create a question of material fact impacting both of Defendants' pending motions for summary judgment. *See Beattie*, 254 F.3d at 606. As to Defendants' motion for summary judgment against Plaintiffs' ATS-forced labor claims, the prospective evidence is material to whether Defendants' domestic managers in fact aided and abetted forced labor. As this Court previously held in *Adhikari II MTD*, to prove liability for aiding and abetting under the ATS, Plaintiffs must show the requisite actus reus and mens rea, where the "proper mens rea standard for aiding and abetting liability under the ATS is *knowledge*." 2017 WL 4237923, at 6-7 (emphasis added). And as the Supreme Court explained in *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108 (2013), only claims against *domestic* conduct may lie under the ATS due to the presumption against extraterritoriality. Plaintiffs' requested evidence for documents from the Houston-based press office and depositions of KBR domestic managers speaks directly to this domestic knowledge requirement.

Next, as to Defendants' motion for summary judgment against Plaintiffs' time-barred claims, the prospective evidence is material to Plaintiffs' entitlement to equitable tolling. As this Court previously held in *Adhikari II MTD*, Plaintiffs' claims under Texas state law and Iraq law are time-barred and survive only if equitable tolling applies. 2017 WL 4237923, at *9, 11. And while the Court did not find Plaintiffs' ATS claims to be time-barred, *id.* at *8, Defendants in their motion for summary judgment contend that Plaintiffs' ATS claims for human trafficking are untimely and thus survive only if they are equitably tolled. Courts apply equitable tolling "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Adhikari v. Kellogg, Brown & Root, Inc.*, 845 F.3d 184, 207 (5th Cir. 2017) (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)). Here, Plaintiffs seek documents from the Houston-based press office to

6

demonstrate that KBR's domestic managers were knowledgeable about the alleged trafficking and forced labor violations and yet sought to "cover it up." (Doc. No. 150 at 9). Such evidence of concealment is directly relevant to whether Plaintiffs are entitled to equitable tolling as to their time-barred claims. Accordingly, Plaintiffs have demonstrated that the requested evidence, if adduced, would create genuine questions of material fact.

The materiality of Plaintiffs' specific, requested discovery distinguishes the instant case from cases where courts have denied Rule 56(d) motions and upon which Defendants rely. In *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, for instance, the plaintiff sought more time to obtain extrinsic evidence as to whether the parties intended for the insurance policy in question to provide full coverage for loss or damage from a hurricane. 565 F.3d 948, 963 (5th Cir. 2009). The Fifth Circuit affirmed the denial of the plaintiff's motion because, even if plaintiffs obtained such evidence, it could not create a genuine issue of material fact where the insurance policy itself was unambiguous. *Id.* In *Raby v. Livingston*, a death row defendant challenging the constitutionality of Texas's lethal injection protocol sought more time for discovery on instances when an execution encountered complications. *See* 600 F.3d at 561-62. The Fifth Circuit affirmed denial of the Rule 56(d) motion because an "isolated mishap alone does not give rise to an Eighth Amendment violation," and Raby had not indicated how any fact he hoped to discover would show how Texas's method of lethal injection inherently imposed a demonstrated risk of severe pain as required to establish a constitutional violation. *Id.* at 562. By contrast, Plaintiffs here have identified KBR domestic managers to depose and potential documents that are material to Defendants' domestic knowledge of the misconduct, which Plaintiffs must prove to succeed in their ATS-aiding and abetting claim, and Defendants' alleged concealment of the misconduct, which is central to the survival of Plaintiffs' remaining claims. The Court is thus satisfied that Plaintiffs have set forth a

7

plausible basis for believing that specified facts exist and, if adduced, would influence the outcome of the pending motions for summary judgment. *Raby*, 600 F.3d at 561.

Having determined that further discovery may plausibly produce specific, material evidence, the Court now turns to Defendants' contention that Plaintiffs cannot be entitled to a continuance due to their failure to diligently pursue discovery. In considering Plaintiffs' diligence, the Court is informed by the unusual circumstances surrounding past discovery efforts in this case. By agreement of the parties, there is no discovery deadline. *See* (Doc. No. 109 at ¶9(A)). This is because, as Defendants explained in the May 2018 Joint Discovery Plan and at the January 2020 hearing, Defendants had limited access to their document depositories due to a preclearance requirement the government had imposed on their documents and the government's delay in approving Defendants' clearinghouse. *See id.* For a period in 2018, Defendants obtained access to their documents and conducted a search using search terms and nine custodians that they identified. Due to these external impediments, Plaintiffs did not obtain Defendants' ESI discovery until July 2019. Even so, the parties remain at loggerheads over Defendants' designation of privileged documents and the sufficiency of Defendants' privilege log. Thus, though this case was filed in 2015, discovery has been prolonged largely for reasons beyond either parties' control.

Given this context, the Court is unpersuaded by Defendants' contentions that Plaintiffs failed to act diligently. While Defendants claim that Plaintiffs failed to respond to Defendants' repeated attempts to collaboratively identify search terms and custodians beginning in October 2018, the record reflects conflicting accounts of both parties' failure to fully engage with the other. *See, e.g.*, (Doc. No. 150 at 4-6). Defendants' contention that Plaintiffs have been dilatory in seeking depositions similarly misses the mark. Documents are often central to shaping depositions and impeaching testimony; it would disturb notions of fairness indeed to fault parties for waiting to

depose witnesses until they have had the benefit of reviewing relevant documents. *Cf.*, *Nutramax Labs., Inc. v. Twin Labs. Inc. et al.*, 183 F.R.D. 458, 461 (D. Md. 1998) ("Recognizing the importance of documents in conducting effective deposition discovery, counsel frequently postpone, as was done in this case, deposition discovery until document production has taken place."). This is particularly true where, as here, ESI discovery was not produced until July 2019 and Plaintiffs indicated in the May 2018 Joint Discovery plan that they would wait to move forward with depositions until Defendants produced documents related to identified custodians. *See* (Doc. No. 109 at ¶9(D)) ("Until [D]efendants are able to produce documents from these custodians . . . the Plaintiffs are currently unable to determine a schedule.").

Considering these circumstances, and mindful that Rule 56(d) motions are "generally favored and should be liberally granted," *Beattie*, 254 F.3d at 606, the Court hereby grants Plaintiffs' motion to stay consideration of Defendants' motions for summary judgment. The Court orders that the parties agree on a proposed schedule for remaining document discovery and depositions.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Rule 56(d) Motion for Continuance. Defendants' Motions for Summary Judgment are hereby **STAYED** pending further discovery.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 6th of February, 2020.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

9