United States District Court
Southern District of Texas
**ENTERED**
December 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISHNA PRASAD ADHIKARI, *et al.*, | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § § | CASE NO. 4:16-CV-2478 |
| KBR, INC., *et al.*, | § § § | |
| *Defendants*. | § § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Compel (ECF NO. 163) KBR, Inc., et al., ("Defendants") to produce documents Defendants claim are protected under the attorney-client privilege. The Court held a hearing on December 8, 2020 and ruled on all but four documents, reserving its ruling after further consideration in light of the arguments of counsel, case law, and evidence. *See* Order, ECF No. 192. Having reviewed the evidence and case law, Plaintiffs' motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiffs are five Nepali men who allege they were taken against their will to Iraq during the height of the Iraq War, where they were forced to provide manual labor for KBR. First Am. Compl., ECF No. 155-2, ¶¶ 1-2. Plaintiffs allege, *inter*

1

*alia*, that KBR is liable to them for negligence, negligent hiring, and negligent supervision under Texas law. *Id.* ¶¶ 263-82. Plaintiffs allege KBR breached a duty it owed them by contracting with and failing to protect them from Daoud & Partners, a Jordanian company that tapped into a network of labor brokers to supply KBR with trafficked workers, including Plaintiffs. *Id.* ¶¶ 95-96.

The Parties are in a discovery dispute concerning the scope of the attorney-client privilege. Plaintiffs seek the production of four documents that involve KBR's internal communications regarding its responses to media inquiries. KBR opposes production asserting the documents are protected by the attorney-client privilege.

## II. COMMUNICATIONS SEEKING AND GIVING LEGAL ADVICE ARE PROTECTED UNDER THE ATTORNEY CLIENT PRIVILEGE

"'The attorney-client privilege is one of the oldest recognized privileges for confidential communications.'" *Miniex v. Houston Housing Authority*, No. 4:17-cv-00624, 2019 WL 2524918, *3 (S.D. Tex. March 1, 2019) (quoting *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998)). "Its purpose is to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" *Id.* (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).

The elements of attorney-client privilege are: "(1) a confidential communication; (2) made to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion, legal services, or assistance in a legal proceeding."

2

*SEC v. Microtune, Inc.*, 258 F.R.D. 310, 315 (N.D. Tex. 2009) (citing *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)). The party asserting the privilege bears the burden to demonstrate how each communication satisfies all the elements of the privilege. *Id.* (citing *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985)).

The court narrowly construes the privilege to the bounds necessary to protect these principles because the "assertion of privileges inhibits the search for truth." *Id.* (quoting *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 477 (N.D. Tex. 2004)). The privilege is limited to the disclosures made to an attorney that are "necessary to obtain informed legal advice which might not have been made absent the privilege." *Id.* (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). Therefore, "the privilege does not protect documents and other communications *simply because they result from an attorney-client relationship*." *Id.* (citing *Navigant Consulting*, 220 F.R.D. at 477) (emphasis added).

"'There is no presumption that a company's communications with counsel are privileged.'" *Miniex*, 2019 WL 2524918, at *4 (quoting *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 696 (5th Cir. 2017). "'[A] confidential communication between client and counsel is privileged only if it is generated for the purpose of obtaining or providing legal assistance ....'" *Id.* (alterations in original) (citations omitted). If a lawyer is acting in a non-legal capacity, the attorney-client privilege does not apply.

*See id.* ("[C]ommunications by a corporation with its attorney, who at the time is acting solely in his capacity as a business advisor, [are not] privileged."). Where there is a dual purpose in making the communication, the court should consider the context to glean the "manifest purpose" of the communication. *Id.* (citations omitted).

### A. KBR Submitted Evidence in Support of Its Assertion of Privilege

KBR submitted an affidavit of its former Vice President of Legal, Chris Heinrich, who stated that KBR routinely received media inquiries, and its responses could create potential litigation exposure. Henrich Aff., ECF No. 173-1, ¶11. He further testified that his responsibility was to help KBR navigate those questions to mitigate that exposure. *Id.* He required KBR's Communications Department to obtain clearance from the Legal Department before responding to any media inquiries. *Id.* ¶12. In reviewing such media inquiries, Henrich testified that his "sole purpose" was to assess any legal issues and minimize any potential risks. *Id.*

Heinrich further testified that starting in mid-2004, KBR received media inquiries regarding alleged misconduct among the thousands of foreign subcontractors hired to work on its United States government contract worldwide. He testified that the legal issues raised potential litigation exposure, the division of responsibility between KBR and the United States government, interpretation of its

4

code of conduct, and the scope of investigative and corrective action KBR could take. *Id.* ¶14.

With regard to Document 4561, Heinrich testified that Melissa Norcross, an employee in the Communications Department, contacted him for the primary purpose of obtaining legal advice on KBR's response to certain press inquiries. *Id.* ¶15. Melissa Norcross provided an affidavit testifying to the same. Norcross Aff., ECF No. 173-3, ¶ 5. The Court's determines that the email is protected under the attorney client privilege. It is an email from an employee to counsel and other employees with responsibility for the issues raised, seeking advice on how to respond to a media inquiry. While there is no doubt there is a mixed purpose to the email, it clearly raises legal issues and seeks legal advice. The email along with the supporting affidavit satisfy KBR's burden of proof to maintain the privilege. *Miniex*, 2019 WL 2524918, at *4.

Regarding Document 5442, Heinrich testified that he provided legal advice to Heather Brown's draft responses to a media inquiry that she requested in Document 5441. His advice concerned contractual and other legal measures KBR pursued. The Court finds that the only relevant paragraph is paragraph 11. The other paragraphs are not relevant to the litigation. Paragraph 11 is privileged. It seeks legal advice on responding to a media inquiry and Heinrich provides that advice. *See Alomari v. Ohio Dept. of Public Safety*, 626 Fed. App'x. 558, 570-71 (6th Cir. 2015) (advising

a client on how to respond to media inquiries has important legal implications). Thus, this document need not be produced.

Finally, regarding Documents 10168 & 10169, Heinrich testified that Karolyn Stuver, KBR's Communications Director, requested his legal advice on addressing a media inquiry and Jill Pettibone, KBR's Vice President of Operational Excellence, discusses and follows up on the request for legal advice. Henrich Aff., ECF No. 173-1, ¶22. The Court finds that this document is not privileged. Although Ms. Stuver asks for help responding to the media inquiry with input from legal or subcontracts, Ms. Pettibone responds, directing her to Sharon Steele, Procurement Director, for the response. On the face of the document, no legal advice is given. The affidavit is insufficient to cure this deficiency. These two documents must be produced. *Miniex*, 2019 WL 2524918, at *4 (no presumption communications with counsel are privileged, must involve obtaining or providing legal advice).

## Conclusion

Plaintiff's Motion to Compel, ECF No. 163, is **GRANTED IN PART** and **DENIED IN PART**. Documents 4561 and 5442 are privileged and protected from discovery. Documents 10168 and 10169 are not privileged and must be produced.

Signed on December 29, 2020, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**