United States District Court
Southern District of Texas
**ENTERED**
March 11, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Krishna Prasad Adhikari, *et al.*,** § | | |
| **Plaintiffs,** § | | |
| vs. § | **Civil Action No. 4:16-cv-02478** | |
| § | | |
| **KBR, Inc., *et al.*,** § | | |
| **Defendants.** § | | |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiffs' Motion to Compel "Sequestered" ESI. (Doc. 191). After considering the Motion, the parties' briefs and supplemental briefs, the parties' oral arguments, and all applicable law, the Court determines that Plaintiffs' Motion to Compel should be **GRANTED**.

In opposing a motion to compel electronically stored information ("ESI"), the responding party must first "show that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). If that burden is met, "the court may nonetheless order discovery if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)." *Id.* Without repeating them here, the Court is guided by the seven non-exhaustive considerations for "good cause" identified in the advisory committee's note to the 2006 amendment of Rule 26(b)(2)(B).

Plaintiffs seek an order compelling KBR to re-open their document cleaning facility and produce electronically stored information ("ESI") from numerous custodians. Plaintiffs specifically name Godfrey Barrington, William Jonas, Harold Norman, and William Rice, although Plaintiffs suggest they may later request more. It seems undisputed that the ESI is relevant and reasonably inaccessible; the crux here is whether good cause is shown so that production should be ordered.

The Court is mindful of the unusual circumstances and the burdens on both parties, but ultimately finds that good cause is shown. The information relating to the four custodians is potentially not only relevant and discoverable, but is critically important to this litigation. The Court further finds that KBR was on notice about the relevance and materiality of the information since *Adhikari v. Daoud & Partners*, 4:09-cv-1237 ("*Adhikari I*"). In the present case, Plaintiffs also raised the centrality of at least two of the custodians early on and repeatedly. Barrington and Jonas were explicitly identified in the Joint Discovery Plan as parties Plaintiffs planned to depose after receiving their ESI. (Doc. 109 at ¶ 9(D)). They were identified again in Plaintiffs' initial disclosures, and again in their first requests for production.

KBR cannot plead ignorance of the relevance and importance of this information. By failing to produce the information when the cleaning facility remained open, KBR *chose* to make this discovery production as expensive as it has become. Further, because KBR's entire litigation database appears inaccessible, the Court seriously doubts that the present case is the only litigation in which access to the ESI is required.

If the Court were to deny Plaintiffs' Motion, it will have established a principle that a party may gain an advantage in litigation by making discoverable documents inaccessible. Such a principle is unacceptable in any circumstances, but particularly so in light of the heightened importance we face here: plaintiffs who allege they were trafficked across various international borders to provide forced labor at U.S. military bases in Iraq.

In sum, the Court finds good cause is shown to order discovery of the ESI at issue. Specifically, the Court grants the Motion as to the four custodians identified by Plaintiffs and named above. Any requests as to additional custodians must be made through the Court.

As to cost-sharing, the Court is further guided by the factors in *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 322-24 (S.D.N.Y. 2003). Although the factors in *Zubulake* overlap significantly with those for "good cause," the cost-sharing analysis focuses more on cost of production while "good cause" emphasizes the importance of the information rather than cost. *Compare id.* (various factors comparing cost of production to circumstances of case) *with* Rule 26(b)(2)(B) advisory committee's note to 2006 amendment (factors focusing on information at stake).

For similar reasons as discussed above, the central importance of the information and the significance of this case outweighs the cost of production, particularly in light of KBR's conduct. As a result, the Court finds that all costs shall be borne by KBR. However, this determination is subject to re-allocation depending on the parties' ensuing conduct in this litigation.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on this the 10th day of March, 2021.

                                                  Honorable Keith P. Ellison
                                                  United States District Judge