UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KRISHNA PRASAD ADHIKARI, *et al.*, | )<br>) |
| Plaintiffs, | )<br>)   Civil Action No.: 4:16-CV-2478<br>) |
| vs. | )<br>)   Judge Keith P. Ellison<br>) |
| KBR, INC., *et al.*, | )<br>) |
| Defendants. | )<br>)<br>) |

### PLAINTIFFS' SUPPLEMENTAL BRIEF
### REGARDING THE PARTIES' PROPOSED SCHEDULES

Plaintiffs submit a copy of their scheduling proposal with the exhibits attached consecutively in the event it is easier for the Court. *See* Appendix 1. Plaintiffs' proposed schedule is Exhibit A of Appendix 1, which in the January 25 filing was located behind KBR's exhibits. The format of the filing was not what Plaintiffs anticipated when they submitted their proposal to KBR, so Plaintiffs attach their proposal here in the event the anticipated format, with the Exhibits clearly identified, is helpful and clear, and so the Court and the parties have it in advance of the scheduled hearing. Plaintiffs have made no alterations in the text or substance of the filing received by the Court.

Plaintiffs also provide an additional update on scheduling matters, including the need to file a motion to exceed the ten-deposition limit, an issue Plaintiffs (apparently mistakenly) believed was not genuinely disputed and could be resolved without a motion.

The parties exchanged their initial proposed submissions on Monday, January 24, and Plaintiffs sent their proposed final submission to KBR on Tuesday, January 25, at 1pm. KBR declined a request to allow Plaintiffs to review the final pleading before submitting the materials

to the Court, which KBR filed at 7:10pm. Ex. 1. In view of this, Plaintiffs should make several points clear (and we can further address these at the scheduled hearing).

First, Plaintiffs identified seventeen specific individual defense witnesses for depositions on September 15, October 14 and December 3, 2021 (and provided KBR with their proposed Rule 30(b)(6) deposition topics on July 1, 2020). Over the ensuing period, KBR substantially delayed providing dates for requested depositions and then rescheduled the dates of each noticed deposition but one.[1] Accordingly, to date Plaintiffs have been able to take only four of these depositions.

In their submission (but not in the draft provided to Plaintiffs on Monday) KBR stated it provided three additional deposition dates for its witnesses. KBR provided those dates on the afternoon of the joint filing, after Plaintiffs had drafted their submission. Ex. 2. KBR proposed to squeeze the deposition dates of these key witnesses (some of the only witnesses in this case who are also document custodians) into one seven-day period, which in Plaintiffs' view would impair their ability to effectively depose these witnesses. But after its filing with the Court, KBR asked Plaintiffs to reschedule (for a second time) the Robert Hill deposition, which had been set for last Friday, due to coronavirus diagnoses. Plaintiffs of course accommodated KBR, as they have each time that KBR requested to reschedule. That deposition is now set for Feb. 10, 2022, and the parties are now discussing new dates for the KBR witnesses. This example of the need to

---

[1] KBR writes that it provided deposition dates the week after Plaintiffs first requested it to do so. Dkt. 262 at 4. KBR omits that it later rescheduled both depositions, leading to a two-month delay. Ex. 3; Ex. 4. Plaintiffs first requested to depose Mary Wade, Patrice Mingo, and Wendy Hall on September 15, but those witnesses nevertheless were not deposed until November 4, November 12, and December 8, respectively. Plaintiffs requested dates to depose Harold Norman and Robert Hill on November 29, but after KBR rescheduled each deposition multiple times, Mr. Norman was not deposed until January 14, 2022, and Mr. Hill still has not been deposed (his deposition is currently noticed for February 10). Ex. 5.

reschedule due to the impact of the pandemic is further indication that KBR's proposed deadline of March 11 is unreasonable.

Finally, Plaintiffs believed there was agreement on the need for more than ten depositions, as discussed at the August 3, 2021 hearing and as reflected in the list of requested deponents Plaintiffs provided to KBR. Indeed, KBR itself argued that it should not be required to reconstitute its document database because Plaintiffs could depose the witnesses whose documents were unavailable. But in late December, after Plaintiffs had taken their first depositions, KBR informed Plaintiffs that it would not agree to more than ten depositions.[2] The parties have been meeting and conferring on this issue. It appears the parties have reached an impasse on this question and Plaintiffs wanted to alert the Court that they intend to file a motion to exceed the ten-deposition limit and will do so promptly.

Date: January 31, 2022

Respectfully submitted,

/s/ Agnieszka M. Fryszman
Agnieszka M. Fryszman
Attorney in charge, *pro hac vice*
Nicholas Jacques, *pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699
afryszman@cohenmilstein.com
njacques@cohenmilstein.com

Paul L. Hoffman, *pro hac vice*
John Washington, *pro hac vice*
**SCHONBRUN SEPLOW HARRIS & HOFFMAN L.L.P.**

---

[2] After KBR made its position known, Plaintiffs changed the planned order of their depositions so the schedule could keep moving while the parties resolved this issue. No noticed depositions were withdrawn or rescheduled. Ex. 6.

                                             1543 W. Olympic Blvd.
Los Angeles, CA 90064
Tel: (310) 396-0731
Fax: (310) 396-7040
hoffpaul@aol.com
jwashington@sshhlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2022, I electronically filed the foregoing *Plaintiffs' Supplemental Brief Regarding the Parties' Schedules* with the Clerk of the Court using the ECF, who in turn sent notice to all counsel of record.

Dated: January 31, 2022

    /s/ Agnieszka M. Fryszman
Agnieszka M. Fryszman